UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMIT GHOSHAL,

               Plaintiff,                               Hon. Janet T. Neff

v.                                           Case No. 1:10 CV 888

THOMAS M. COOLEY LAW SCHOOL,

               Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.  (Dkt. #46).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** both on substantive grounds under Federal Rule of Civil Procedure 12(b)(6) and for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b).  The undersigned further recommends that Defendant's counterclaim be **dismissed without prejudice** and this matter **terminated**.

## BACKGROUND

Plaintiff initiated this action against Thomas M. Cooley Law School on September 9, 2010, later amending his complaint.  As detailed in his First Amended Complaint, Plaintiff was dismissed from Cooley Law School on or about June 10, 2009, an action Plaintiff asserts constituted breach of contract.  Defendant Cooley Law School subsequently asserted against Plaintiff a counterclaim for sixteen-thousand five-hundred fifty-one dollars and thirty-one cents ($16,551.31) in

unpaid tuition.  Defendant now moves to dismiss Plaintiff's First Amended Complaint for failure to state a claim on which relief may be granted.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief.  *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

As the Supreme Court recently stated, a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim

for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 1949-50 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein.  *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").


## ANALYSIS

### I.        Plaintiff's Allegations Fail to State a Claim

Count I of Plaintiff's First Amended Complaint is titled, "Breach of Implied Contract based on Due Process."  Count II of Plaintiff's First Amended Complaint is titled, "Breach of Contract." While Plaintiff appears to assert two distinct counts or causes of action, the Court discerns no distinction between the two.  In Count I, Plaintiff alleges that Defendant breached the implied contract that existed

between himself and Thomas M. Cooley Law School.  In Count II, Plaintiff again alleges that he and Defendant "entered into a contract" and that Defendant "breached the agreement by arbitrarily and capriciously dismissing Plaintiff from law school."  Plaintiff has made no allegation (and there is no evidence) that Plaintiff and Defendant entered into an actual written contract.  Instead, Plaintiff's breach of contract claims clearly seem to be premised on the assertion that there existed an implied contract between the two parties.  Thus, the allegations in these two counts appear to assert the identical cause of action, namely that Defendant's actions constituted a breach of the implied contract that allegedly existed between Plaintiff and Thomas M. Cooley Law School.  Defendant moves to dismiss these allegations on the grounds that: (1) Cooley Law School is not a state actor, and (2) Plaintiff received sufficient procedural due process.

### A.      Due Process

While Plaintiff used the words "due process" in describing Count I of his First Amended Complaint, it seems apparent from the substance of Plaintiff's complaint that he is not alleging a violation of his due process rights, but is instead alleging a breach of an implied contract.  Plaintiff reiterated this point in his response to the present motion.  To the extent, however, that Plaintiff's allegations are interpreted as asserting a due process claim, such must be dismissed as Plaintiff has failed to allege facts demonstrating that Defendant is properly considered a state actor.  *See Baptichon v. Thomas M. Cooley Law School*, 2009 WL 5214911 at *3-5 (W.D. Mich., Dec. 28, 2009).

B.      Breach of Implied Contract

Plaintiff alleges that there existed an implied contract between himself and Thomas M. Cooley Law School and that Defendant breached this contract by failing to accord him a fundamentally fair hearing prior to dismissing him from school.

As Plaintiff correctly observes, the Michigan Supreme Court does not appear to have addressed whether an implied contract can exist between a university and a student.  To the extent that this question has been addressed by the Michigan Court of Appeals, the court appears to have issued conflicting rulings.  *See, e.g., Lee v. University of Michigan-Dearborn*, 2007 WL 2827828 at *10 (W.D. Mich., Sept. 27, 2007) (collecting cases).  When a federal court is asked to adjudicate a claim premised or dependent upon an unresolved question of state law, it may be appropriate to first obtain resolution of such by the appropriate state court.  *See Carolina Casualty Ins. Co. v. Panther II Trans., Inc.*, 402 Fed. Appx. 62, 68 (6th Cir., Nov. 4, 2010).  As Defendant correctly argues, however, even if there does exist an implied contract between the parties, Plaintiff's allegations fail to establish a breach thereof.

In *Carlton v. Trustees of the University of Detroit Mercy*, 2002 WL 533885 (Mich. Ct. App., April 9, 2002), the Michigan Court of Appeals concluded that "a student who has been accepted to a university has an implied contractual right to continued enrollment in that university."  *Id.* at *3. The court further concluded, however, that this implied contractual right only gives the student the right to continued enrollment free from "arbitrary and capricious" dismissal.  *Id.*  Consistent with this authority, Plaintiff asserts that in discharging him from law school, Defendant acted in an arbitrary and capricious manner, thus violating the implied contract that existed between the two parties.

The standard for evaluating whether conduct is arbitrary and capricious is well-defined under Michigan law.  Arbitrary is defined as "without adequate determining principle. . .fixed or arrived

at through an exercise of will or by caprice, without consideration or adjustment with reference to principles, circumstances, or significance. . .decisive but unreasoned." *In re Pendleton*, 2008 WL 400694 at *1 (Mich. Ct. App., Feb. 14, 2008). Capricious is defined as "apt to change suddenly; freakish; whimsical; humorsome." *Id.*

As detailed in Plaintiff's complaint, the determination to dismiss Plaintiff from law school was made only after an investigation, an evidentiary hearing, and several levels of review and reconsideration. Even if the factual allegations in Plaintiff's First Amended Complaint are accepted as true, no reasonable person could conclude that such demonstrate that Defendant's actions were arbitrary or capricious. Thus, even if the Court assumes that there exists an implied contract between the parties, Plaintiff's allegations, even if taken as true, fail to state a claim for breach thereof that is "plausible on its face." Accordingly, the undersigned recommends that Defendant's motion to dismiss be granted.

## II.  Plaintiff has Failed to Prosecute this Matter

At the outset of this matter, Plaintiff was represented by counsel. On September 29, 2011, however, Plaintiff's counsel moved to withdraw their representation on the grounds that Plaintiff refused to communicate with counsel and, moreover, failed to pay for services rendered. (Dkt. #50). On October 27, 2011, the Court granted counsel's motion and stayed this matter for 30 days to enable Plaintiff to secure different counsel. (Dkt. #54). Since granting counsel's motion to withdraw, Plaintiff has failed to participate in any way in this matter. On February 15, 2012, the Court held a hearing on Defendant's motion to dismiss. The notice scheduling this hearing expressly warned Plaintiff that:

> if he does not appear at the hearing, either in person or via counsel, the court will issue a Report and Recommendation that his case be dismissed pursuant to Fed. R. Civ. P. 41(b) and W.D.Mich. L.Civ.R. 41.1 for want of prosecution and failure to comply with the rules and orders of this

court.  Timely objections to such a Report and Recommendation would be considered Plaintiff's final opportunity to show cause why this matter should not be dismissed.

(Dkt. #58).

Plaintiff failed to appear at the scheduled hearing and, moreover, failed to contact the Court or opposing counsel prior thereto.

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."  *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962).  This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629-30.  Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein.  *See* Fed. R. Civ. P. 41(b).  While Rule 41(b) does not expressly provide for the sua sponte dismissal of an action for failure to prosecute, the Supreme Court has held that absent express language in Rule 41 precluding such, federal courts possess the inherent authority to sua sponte dismiss an action for failure to prosecute.  *See Link*, 370 U.S. at 629-32; *see also*, *Alexander v. Bureau of Prisons*, 2011 WL 2116448 at *2 (N.D. Ohio, Apr. 28, 2011).

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered.  *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

-7-

Consideration of these factors leads the Court to recommend that Plaintiffs' claims be dismissed for failure to prosecute. As previously discussed, Plaintiff has made no effort to participate in this matter. The Court finds that Plaintiff's conduct is willful, in bad faith, and prejudices Defendant. Plaintiff was warned that failure to appear at the aforementioned hearing may result in the dismissal of his claims. Accordingly, the undersigned recommends, in the alternative, that Plaintiffs' claims be dismissed with prejudice for failure to prosecute.

## III.         Defendant's Counterclaim

Defendant's counterclaim is based on state law and the amount in controversy is insufficient to enable the Court to exercise diversity jurisdiction over such. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well." *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Wojnicz v. Davis*, 2003 WL 21774162 at *3 (6th Cir., July 29, 2003) (same). Accordingly, the undersigned recommends that the Court decline to exercise jurisdiction over Defendant's counterclaim and instead dismiss such without prejudice so that Defendant may pursue it in the appropriate state forum.

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion to Dismiss Plaintiff's First Amended Complaint</u>, (dkt. #46), be **granted**. The undersigned further

recommends that Defendant's state law counterclaim be **dismissed without prejudice** and this action **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  February 17, 2012                             /s/ Ellen S. Carmody
                                                     ELLEN S. CARMODY
                                                     United States Magistrate Judge